32675. ANTIPAS v. HUDGENS et al.

JORDAN, Justice.

This litigation was commenced as an action in rem by D. Scott Hudgens, Jr., to remove clouds from the title of described property. Among the defendants named were Horace L. Cheek, temporary administrator of the estate of Menelaos Thomas, and Dionysious Sp. Antipas.

Hudgens bought the property from Hadchi, Inc. At that time the property was subject to a deed to secure debt (then in default) in which Menelaos Thomas owned a two-thirds interest and Androniki M. Thomas owned a one-third interest. Hudgens was able to pay the indebtedness due Androniki M. Thomas, but he alleged that he had been prevented from paying the indebtedness due Menelaos Thomas. Hudgens deposited in court the amount of the indebtedness due, and asked for a

cancellation of the security deed. The deed was ordered canceled.

Cheek, as administrator of Thomas, claimed the funds under the note and deed to secure debt held by Thomas. Antipas sought the funds under a deed from Thomas transferring the deed to secure debt and funds to him. There was a jury trial on the issue of the validity of the deed from Thomas to Antipas, and the present appeal by Antipas is from the verdict and judgment finding that the deed was invalid, and from the denial of his motion for new trial.

Thomas was residing in Greece at the time of his death. Antipas, his nephew, is a Greek citizen. Antipas had been attorney in fact for Thomas. The deed from Thomas to Antipas was executed in Greece before an American vice consul in 1966. It was filed for record in Chatham County on December 9, 1968, the same date as the death of Thomas.

1. The appellant relies on the testimony of Higgins, the American vice consul, to prove the validity of the deed from Thomas to Antipas. Higgins identified his signature and testified that he would not have placed his signature on a document if he had thought the party was not capable of executing the document, or if the party did not sign in his presence. He did not remember the occasion when Thomas executed the deed, and did not know Thomas.

This evidence was relevant on the issue of Thomas' competency, but it did not demand a verdict in favor of the validity of the deed. There was evidence that Thomas was hospitalized because of his mental problems prior to the time that he left Savannah to live in Greece. Several witnesses from Greece testified concerning the progressive nature of Thomas' mental problems, culminating in a complete loss of mental capacity during the period of time in which the deed was executed to Antipas.

There was conflicting testimony that Thomas had mental capacity at the time of the execution of the deed. The jury resolved this conflict in the evidence, and there is ample evidence to support the finding of the invalidity of the deed.

2. It is asserted by the appellant that the trial judge erred in refusing to give a requested charge to the jury, as follows: "The law presumes that a U. S. official performs his duty unless the contrary is shown. You are authorized in this case — if you find that Mr. Higgins, the U. S. Consul, performed his duty — then you are authorized to find that the deed dated August, 1966, in this case is valid."

This requested charge was rejected by the judge because it was filed late, and because it attempted to conclude the question of the validity of the deed, which was a question for the jury. Counsel for the appellant then verbally requested that the judge charge that a U. S. official is presumed to do his duty until the contrary is shown, and the judge refused to charge this.

The principle of law that an officer is presumed to do his duty until the contrary is shown was not relevant to the evidence. Higgins had testified as to the authenticity of his signature and his practice in witnessing instruments. There was no need to indulge a presumption as to the performance of his duty.

3. The testimony of Antipas and several of the other witnesses was in the Greek language. The appellant contends that it was error to allow Mr. George Pahno (who had been discharged by the appellant as his attorney) to take the place of the interpreter agreed upon by the parties.

The Rev. Mr. Frank M. Kirlangitis had been agreed on by the parties as the interpreter. His ecclesiastical duties required that he leave the trial, and another interpreter unsuccessfully attempted to interpret the testimony. Thereafter, Mr. Pahno suggested that he and Mr. George Antipas, the interpreter for the appellant could jointly interpret the testimony given in Greek. The record does not indicate any objection by the appellant. Both men were sworn as interpreters. No harm to the appellant is shown in this arrangement.

4. The appellant asserts that it was error for the trial judge not to allow "the last page" of the deed from Thomas to Antipas to be introduced in evidence. The record does not contain this page.

The deed as first submitted for recording did not have

this page. The deed was witnessed only by Vice Consul Higgins. Apparently the page contained affidavits made for the purpose of authorizing the deed to be recorded. The trial judge did not err in having this page removed before the deed was placed in evidence.

5. We have examined the other enumerated errors and find no merit in any of them.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 20, 1977 — DECIDED OCTOBER 25, 1977.

*Jack E. Miller*, for appellant.

*Hunter, Houlihan, Maclean, Exley, Dunn & Connerat, William M. Exley, Jr., John G. Kennedy, John Sognier, Donald E. Austin*, for appellees.